IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON MOODY,  :  Civil No. 3:18-cv-0053
:
Plaintiff  :  (Judge Mariani)
:
v.  :
:
JOHN WETZEL, et al.,  :
:
Defendants  :

### ORDER[1]

**AND NOW, THIS 9th DAY OF JUNE 2020,** upon consideration of Defendants' motion (Doc. 46) pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's second amended complaint (Doc. 45) filed pursuant to 42 U.S.C. § 1983,[2] and it appearing that in rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

---

[1] This matter has been reassigned to the undersigned due to the death of the Honorable James M. Munley.

[2] Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

the claims," *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996), and that the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff, *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)), and it appearing that Plaintiff, a state inmate proceeding *pro se*, alleges that Defendants placed him on a "Restricted Release List" and held him "in solitary confinement consistently for well over five (5) years without any rational penalogical [sic] security interest, and without being afforded any meaningful and/or substantive review process to address his confinement or redress the damage inflicted upon him both mentally and physically, as retaliation for exercising his right to petition the government for redress and access the court" (Doc. 45, p. 1, 2), in violation of the Americans with Disabilities Act and the Eighth and Fourteenth Amendments (*Id.* at 2), **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion (Doc. 46) to dismiss the second amended complaint is GRANTED in part and DENIED in part.
    a. The motion is GRANTED as follows:
        i. Plaintiff's claims for monetary damages against Defendants in their official capacity are DISMISSED as the Eleventh Amendment bars suits for monetary damages against state officials sued in their official capacities. *See Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir.1990)..
    b. The motion is DENIED as follows:
        i. With regard to Defendants' argument that the second amended complaint violates Rules 8 and 20 of the Federal Rules of Civil Procedure, Plaintiff counters that he "articulated factual details

                to corroborate his claims asserting both an Eighth Amendment violation as well as Due Process violations that are relevant to the 'totality of his circumstances' of being continuously confined in solitary confinement under both cruel and unusual as well as atypical and significantly harsh, conditions lasting over five years as a prisoner suffering from Serious Mental Illnesses." (Doc, 50, p. 4). He also points out that "there is a section titled 'Roles of Defendants in Placing and Continuing Mr. Moody's Solitary Confinement,' which is a simple and concise narrative of the roles each defendant played..." (*Id.* at 2, citing Doc. 45, pp. 11, 12). In liberally construing Plaintiff's second amended complaint, as we must, we find that it satisfies Federal Rules of Civil Procedure 8 and 20.[3]

    ii.    The motion is DENIED with respect to Defendants' argument that the complaint is barred by the statute of limitations.[4] Plaintiff alleges he was released from solitary confinement in January 2018. (Doc. 45, ¶ 107). This action was filed on January 8, 2018. (Doc. 1). Also, Plaintiff represents that he attempted to obtain relief *via* the Pennsylvania Department of Corrections' administrative remedy procedure into April of 2016. (Doc. 45, p. 15, ¶¶ 86-89). He initiated this action on January 8, 2018. On its face, the complaint appears timely.[5]

    iii.    The motion to dismiss Plaintiff's requests for injunctive and declaratory relief is DENIED without prejudice.

---

[3] The obligation to liberally construe a pro se litigant's pleadings is well-established. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[4] "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir.2009). Under Pennsylvania law, personal injury claims must be brought within two years of the accrual of the claim. 42 PA. CONS.STAT. § 5524(7).

[5] Plaintiff raises the continuing violation doctrine in his opposition brief. (Doc. 50, pp. 5-7). "Under that doctrine 'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period.' " *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) (quoting *Colwell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). We need not address this argument based on our determination that the complaint appears timely.

2. Defendants shall FILE an Answer or appropriate pretrial motion on or before June 23, 2020.

3. On or before June 30, 2020, the parties shall FILE a letter notifying the Court of their willingness to participate in mediation.

Robert D. Mariani
United States District Judge