IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON MOODY, | Civil No. 3:18-cv-53 |
| Plaintiff | (Judge Mariani) |
| v. | |
| JOHN WETZEL, *et al.*, | |
| Defendants | |

## MEMORANDUM

Plaintiff Brandon Moody ("Moody"), a state inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this action pursuant to 42 U.S.C. § 1983. Presently before the Court is Moody's motion (Doc. 129) to compel discovery. For the reasons set forth below, the motion will be denied.

## I.   Factual Background & Procedural History

The events giving rise to Moody's cause of action stem from his placement on the Restricted Release List ("RRL"). Moody alleges that Defendants placed him on the RRL and held him in solitary confinement for more than five years without any rational penological security interest and without any meaningful review. (Doc. 45). The parties have engaged in discovery. Moody previously filed a motion to compel. (Doc. 68). The Court granted the motion, in part, and directed Defendants to submit the requested documents to the Court for *in camera* review. (Doc. 87). After reviewing the requested documents *in camera*, the Court issued an Order directing that the names of staff, other

than the three named Defendants, could be redacted to protect their identities and that the production of the records will be governed by any applicable privileges, including, but not limited to, attorney-client, work product, and/or mental impressions. (Doc. 109). Defendants subsequently produced the records, in redacted form, to Moody. (Doc. 130, p. 2). Moody then filed the instant motion to compel. (Doc. 129). The motion is ripe for resolution.

## II.   Legal Standard

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . Information within this scope of discovery need not be admissible in evidence to be

discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

## III.  Discussion

Moody takes issue with several of Defendants' responses to his discovery requests. (Doc. 129). He seeks production of the following documents:

1. All of the annual RRL psychological evaluations, specifically including those dated 12/12/13 (DEF000009) and 1/15/16 (DEF000074-76)

2. All the transfer petitions including those dated 1/6/13 (DEF000016-17)

3. All the inmate query-separations dated 11/5/13 (DEF000019), no date (DEF000070), and (DEF000108)

4. All the Inmate Cumulative Adjustment Records (ICAR), including those dated 11/5/13 (DEF000036-46) and 4/18/16 (DEF000065-69)

5. All the DC-46 Vote Sheets, including the one dated 4/18/14 (DEF000061)

6. The two (2) memos to John Wetzel dated 7/7/17 (DEF000085) and 6/6/16 (DEF000087)

      7.      Unidentified document completely redacted (DEF000088)

      8.      All the RRL checklist, including the one with no date (DEF000089)

      9.      Memo from SMU/RHU staff to Deputy Secretary (DEF000090)

      10.     Integrated Case Summary (DEF000097-107)

(Doc. 144).

In response, Defendants maintain their objections to producing the information that was redacted from the RRL related records produced to Moody, with one exception. (Doc. 145). After reviewing pages of DEF000090-91, Defendants inadvertently redacted the names of the Defendants in this civil action, which they intended to disclose. Defendants indicate that they will make a revised copy of these pages available to Moody, disclosing the names of Defendants reflected on those pages. Defendants object to the remaining requests. The Court will address each request in turn.

### 1. All of the annual RRL psychological evaluations, specifically including those dated 12/12/13 (DEF000009) and 1/15/16 (DEF000074-76)

In his first request, Moody seeks all of the annual RRL psychological evaluations, including those dated December 12, 2013, and January 15, 2016. Defendants have objected to this request because "[d]isclosure of these records in full to the Plaintiff poses several threats to the security of Department institutions." (Doc. 145, p. 6). In support of their argument, Defendants have submitted the declaration of former Secretary John Wetzel, wherein he lists the following specific security threats:

- Inmates would learn the factors considered and evaluated by the mental health staff when conducting an annual RRL psychological evaluation. Such information would be used to manipulate behavior during future psychological reviews in order to obtain release from the RRL, even when for security reasons or other operational concerns, such a release would be inappropriate.

- Inmates would use information contained in the Annual Psychological Evaluation to retaliate against the mental health staff for reporting unfavorable information or making unfavorable recommendations, which makes the mental health staff less likely to be candid in their review of inmates.

- The relationship between the mental health professionals and inmate is based upon trust. Disclosure of the mental health professional's candid thoughts and opinions regarding the inmate and the risk associated with releasing that inmate from the RRL would destroy the trust relationship. Destruction of the trust relationship would lead to an inmate's refusal to speak to the mental health staff which could ultimately compromise the mental health of the inmate.

- Release of the mental health professional's candid thoughts and opinions regarding an inmate would have a chilling effect of the rapport between the mental health staff and other inmates once it is learned that the mental health professional has reported unfavorable information or made unfavorable recommendations with respect to other inmates.

- If mental health staff know that inmates will have access to their comments and evaluations of an inmate's suitability for release from the RRL, they will be less likely to provide such information candidly. It is imperative that mental health staff be candid when presenting recommendations for or against RRL release. Without reliable information, inmates might be released from the RRL when it is unsafe to do so.

(Doc. 84-2, pp. 7-8, ¶ 19).

Due to these security concerns, Defendants produced portions of the reports to Moody. For example, Defendants explain that they produced dates of testing, verbal

5

reports made by Moody to staff, his history of misconducts, his current status, factors about his offense and personal history, and his compliance with medication regimen. Defendants redacted the information reflecting the psychologist's mental impressions of Moody and his impressions of the risk attenuators and treatment summary pertaining to Moody. The Court agrees with Defendants that this information could compromise security. Moody's motion with respect to request number one is therefore denied.

### 2. All the transfer petitions (DEF000016-17)

Moody next seeks the full disclosure of all information reflected on two transfer petitions. Defendants oppose disclosure of this information on the ground that it is privileged and confidential. In support of their response, Defendants refer to the declaration of Tabb Bickell, Executive Deputy Secretary for Institutional Operations, who states that:

- Security staff conduct investigations and provide their assessment of various inmate activity including potential security threat group (colloquially known as gangs) activity, the reasons for separations from other inmates and staff, the reasons for transferring an inmate to a new institution, and other general risks that an inmate may pose to institutional safety.

- If any of this information is disclosed to inmates, inmates will know the underlying considerations made by the Department with respect to major decisions affecting their housing and how they are identified and classified—whether they are identified as being involved with certain activity or not, and whether or not they have been "compromised."

- Thus, the release of this information will likely [] result in constraining the ability of security staff to successfully investigate and track inmate activity including potential criminal activity.

- Thus, this is likely to result in an increase of criminal activity such as the introduction of contraband into institutions.

(Doc. 145-2, pp. 9-10, ¶¶ 35-38).

Defendants state that they produced the requested documents in redacted form. The redacted information includes the names of staff and the reason prompting the need to transfer Moody to new institutions. Defendants have satisfactorily established that production of the requested materials could jeopardize institutional security interests. Moody's request for the transfer petitions will be denied.

### 3. All the inmate query-separations dated 11/5/13 (DEF000019), no date (DEF000070), and (DEF000108)

Moody seeks the full disclosure of a record reflecting from whom he should be separated within the Department. Defendants contend that security concerns counsel against disclosure of the "inmate query-separations." Defendants maintain that disclosure of such documents "will lead to security staff being less effective with their investigations, resulting in an increase of criminal activity in the institutions." (Doc. 145, p. 9). The Court agrees with Defendants. Disclosure of sensitive documents generated by prison personnel may jeopardize institutional security and individual safety of prison staff, and the potential threat posed by such disclosure is a proper consideration for the Court. Moody's motion to compel will be denied with respect to the inmate query-separations.

4. **All the Inmate Cumulative Adjustment Records (ICARs), including those dated 11/5/13 (DEF000036-46) and 4/18/16 (DEF000065-69)**

Moody next asks Defendants to provide him with his Inmate Cumulative Adjustment Records in full. Defendants have represented that these records consist of documents that staff use to record notes of their contacts with Moody, and that they have disclosed almost the entirety of Moody's ICARs to him. The documents produced to Moody contain notes of staff's contacts with him that were considered by Secretary Wetzel in his decisions for Moody's placement on the RRL. The only information that was redacted were the names of staff members who made the notations. According to Defendants, these forms contain sensitive inmate information, and the full disclosure of these forms would likely cause staff to not record such sensitive information because inmates would "target those staff with harassment, threats, or physical harm." (Doc. 145, p. 10). The Court finds that the Inmate Cumulative Adjustment Records are privileged and confidential as they contain sensitive information that could pose a security risk to staff, inmates, and the institution as a whole if disclosed in their entirety to an inmate. As such, the Court denies Moody's request for his entire Inmate Cumulative Adjustment Records.

5. **All the DC-46 Vote Sheets (DEF000061)**

Moody seeks the release of each vote sheet in full. Vote sheets record the vote and rationale for each major staff decision that affects an inmate. (Doc. 83-2, p. 4, ¶ 9; 83-3, p. 6, ¶ 24). Defendants point to the declaration of Erin Brown, Director of the Office of

Population Management, in which she states that vote sheets contain privileged and confidential information, much of which is intentionally not disclosed to the inmate as it could pose a risk to the security of the institution and the safety of staff and inmates. (Doc. 84-3, p. 6, ¶¶ 25-27). The Court agrees. Because providing Moody with the vote sheets listing the names of the staff members who in participated in the RRL review process is confidential and privileged and would present an obvious security risk, Moody's motion will be denied in this regard.

### 6. The two memos to John Wetzel (DEF000085) (DEF000087)

Moody next seeks the full disclosure of two memoranda that were sent to former Secretary Wetzel. Defendants maintain that these memoranda were produced to Moody in their entirety, with the exception of certain staff names including the name of the author of the memoranda. Defendants thus object to this request on both security risk and relevance grounds. The Court concludes that the names of the non-defendant individuals in these memoranda are irrelevant to the claims before the Court and legitimate security concerns outweigh any relevance that these documents have to Moody's claims. His request for the full disclosure of the memoranda will be denied.

### 7. Unidentified document completely redacted (DEF000088)

Moody also seeks the disclosure of a document which was redacted in its entirety. Defendants explain that the document was an email communication between an attorney

who represents the Department and staff of the Department. Defendants again point to Tabb Bickell's declaration in which he states that the page was redacted "to protect attorney-client privileged information" and the email "document[s] the efforts of legal counsel to provide guidance to staff, and convey counsel's legal conclusions, opinions, and theories." (Doc. 145-2, p. 14, ¶¶ 47-48).

The attorney-client privilege applies to: "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purposes of obtaining or providing legal assistance for the client." *In re Teleglobe Communications Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (citing Restatement (Third) of the Law Governing Lawyers § 68 (2000)). "'Privileged persons' include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *Id.* (citing Restatement (Third) of Law Governing Lawyers § 70). Based on Defendants' representation, this email disseminates legal advice, and they have not otherwise disclosed this confidential communication. Therefore, the Court finds that the email is protected by the attorney-client privilege and the Court will not require production of the redacted email.

### 8. All the RRL checklists (DEF000089)

Moody seeks the full disclosure of the RRL checklist. Defendants refer to the declaration of former Secretary Wetzel, which details the security concerns of the DOC with respect to these documents. (Doc. 84-2, pp. 8-9, ¶¶ 20-21). In his declaration, Secretary Wetzel explains that the RRL checklist is a form that provides a summary of the documents

contained in the "RRL Review Packet." (*Id.* ¶ 20). The packet includes the Annual RRL Review From, vote sheets, Integrated Case Summary-Classifications, Inmate Cumulative Adjustment Records, separations, psychological evaluations, and misconducts. (*Id.* ¶ 20). The DOC has legitimate security concerns regarding the release of this information. For example, as previously stated, the vote sheets detail the reasons for RRL classification, which if disseminated, could result in inmates manipulating their behaviors to obtain release from the RRL. (Doc. 84-3, p. 6, ¶¶ 25-27). Additionally, the release of a vote sheet may result in harassment or threats in retaliation for a staff member's vote to place an inmate on the RRL. (Doc. 84-2, p. 4, ¶ 10). Thus, the Court declines to compel production of all RRL checklists based on legitimate security concerns.

### 9.    Memo from SMU/RHU staff to Deputy Secretary (DEF000090)

Next, Moody seeks the full disclosure of a memorandum from staff to the Deputy Secretary that contains a recommendation to progress Moody to the next phase of the SMU Program and to remove him from the RRL. Defendants note that they mistakenly redacted the names of Defendants in this civil action from the memorandum, and that they will make a revised copy of these pages available to Moody, with the names of Defendants disclosed.

Defendants object to the remainder of Moody's request based on security risk grounds. Defendants maintain that disclosure of this memorandum would discourage staff from entering candid opinions, evaluations, and observations. The Court finds that the memorandum, created by institutional personnel, is generally not turned over to inmates

due to legitimate security concerns. The Court will deny Moody's motion to compel full disclosure of the memorandum.

### 10.     Integrated Case Summary (DEF000097-107)

Lastly, Moody seeks the full disclosure of the Integrated Case Summary reflected in his RRL records. Defendants indicate that they produced this document in redacted form. Defendants redacted information collected by security or other staff with their mental impressions that may not otherwise be known to inmates. According to Defendants, the case summary provides information relating to the inmate's classification information and contains evaluations and assessments, and the separations document identifies prison staff and other inmates who, for security reasons, are not to be located within the same institution with the subject inmate. (Doc. 145-2, p. 9-10, ¶¶ 35-36). Defendants assert that disclosure of such documents could pose a security risk to staff, inmates, and the institution as a whole. (*Id.* ¶¶ 37-38). The Court again finds that disclosure of this sensitive document may jeopardize institutional security and individual safety of prison staff. Moody's motion to compel this document will be denied.

## IV.     Conclusion

The Court will deny Moody's motion to compel. (Doc. 129). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: August 16, 2023