IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON MOODY,                    :        Civil No. 3:18-cv-53
                                  :
            Plaintiff             :        (Judge Mariani)
                                  :
      v.                          :
                                  :
JOHN WETZEL, *et al.*,            :
                                  :
            Defendants            :

## MEMORANDUM

Plaintiff Brandon Moody ("Moody"), a state inmate in the custody of the Pennsylvania

Department of Corrections ("DOC"), initiated this action pursuant to 42 U.S.C. § 1983.  The

matter is proceeding via a second amended complaint.  (Doc. 45).  Presently before the

Court is Defendants' motion (Doc. 147) to compel Moody to submit to a mental health

examination under Federal Rule of Civil Procedure Rule 35.  For the reasons set forth

below, the Court will grant the motion.

I.    **Factual Background & Procedural History**

The events giving rise to Moody's cause of action stem from his placement on the

Restricted Release List ("RRL").  (*See generally* Doc. 45).  Moody alleges that Defendants

placed him on the RRL and held him in solitary confinement for more than five years without

any rational penological security interest and without any meaningful review.  (*Id.* ¶ 1).  He

maintains that his placement on the RRL caused his psychosocial, mental, and physical

health to deteriorate and "become more depressive."  (*Id.* ¶¶ 1, 39-42).  Moody asserts that

he was diagnosed with bipolar disorder and attention deficit hyperactivity disorder many years ago (which was noted on his reception to the DOC), he was denied mental health treatment, and his placement in solitary confinement "exacerbated his pre-existing mental illnesses" and caused additional illnesses such as mood disorder and post-traumatic stress disorder.  (*Id.* ¶¶ 11-12).

Defendants filed the instant motion seeking to have an independent third-party psychiatrist, Dr. Pogos Voskanian, evaluate Moody's mental health condition at SCI-Phoenix, likely via Zoom.  (Docs. 147, 148).

## II.   Discussion

Rule 35 authorizes a district court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a licensed examiner.  FED. R. CIV. P. 35(a).  Courts have read the text of Rule 35 to require the movant to make an affirmative showing that the party's mental or physical condition is "in controversy" and that the movant has "good cause" for the examination.  *See Schlagenhauf v. Holder*, 379 U.S. 104, 116-19 (1964); *Smith v. J.I. Case Corp.*, 163 F.R.D. 229, 230 (E.D. Pa. 1995).  The United States Supreme Court has stressed that these requirements are not "mere formalit[ies]" and that Rule 35 "requires discriminating application by the trial judge." *Schlagenhauf*, 379 U.S. at 118.  Courts will generally find these requirements satisfied in four circumstances when:

(1) there is a separate tort claim for emotional distress,

2

(2) the plaintiff alleges that he suffers from a severe ongoing mental injury or
a psychiatric disorder,

(3) the plaintiff will offer expert testimony to support the claim, or

(4) the plaintiff concedes his mental condition is in controversy.

*Smith*, 163 F.R.D. at 230 (citations omitted).  "[A] claim of emotional distress, without more,
is insufficient to put the plaintiff's mental condition 'in controversy.'"  *Id.* (citation omitted).

The Court must first determine if Moody has placed his mental health condition "in
controversy."  Moody does not dispute that his mental health condition is in issue.  In fact,
he "concedes by the nature of his claims, his mental conditions have been brought into
controversy." (Doc. 153, p. 3).  Defendants have thus shown that Moody put his mental
condition "in controversy."

The Court must now turn to the "good cause" prong of Rule 35, a consideration that
turns on the relevance and need for the psychiatric mental health examination.  *King v.
Mansfield Univ. of Pa.*, No. 1:11-CV-1112, 2014 WL 563323, at *2 (M.D. Pa. Feb. 11, 2014).
Good cause requires a showing that the proposed examination could adduce specific facts
relevant to the cause of action, and that it is necessary to the defendant's case.  *Id.* (citing
*Womack v. Stevens Transp., Inc.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001)).  Moreover, the
court must examine the "ability of the movant to obtain the desired information by other
means."  *Schlagenhauf*, 379 U.S. at 118.  This good cause analysis is fact-sensitive, and
"what may be good cause for one type of examination may not be so for another."
*Schlagenhauf*, 379 U.S. at 118.  If the movant can obtain the desired information through

other discovery, there is no good cause for conducting the proposed Rule 35 examination to obtain that information.  *Id.*

Here, Defendants argue that the examination is necessary to determine whether Moody's confinement on the RRL was responsible for causing or exacerbating his mental health issues.  (Doc. 148, p. 4).  The link between the Moody's claimed psychological damages and his placement on the RRL shows extreme relevance and establishes that an examination is necessary in this case.  Defendants have demonstrated good cause for a Rule 35 examination.

## III.   Conclusion

The Court finds that Moody's mental health condition is in controversy, that good cause exists for the Rule 35 examination, and that Moody would not be unduly prejudiced if Defendants are permitted to conduct a mental health examination (which they anticipate will only last a few hours).  Therefore, the Court will grant Defendants' motion (Doc. 147) to compel Moody to submit to a mental health examination under Rule 35.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 17, 2024

4