**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON MOODY, | : | Civil No. 3:18-cv-53 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

## I. Background

Plaintiff Brandon Moody ("Moody") alleges that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, and he brings claims under Title II of the Americans with Disabilities Act, and state law claims including a violation of 37 Pa. Code 93.11 § B and malicious abuse of process. (Doc. 45). Moody's allegations relate to his placement on the Restricted Release List ("RRL"). (*Id.*). Named as Defendants are John Wetzel, Shirley Moore-Smeal, and Michael Wenerowicz. (*Id.*).

During the course of this litigation, Defendants obtained an expert in psychology, Ryan Quirk, Ph.D., to perform a comprehensive mental health evaluation of Moody. (Doc. 207-4).

On November 20, 2025, Defendants filed a motion for summary judgment and supporting documents. (Docs. 203-206).

Presently before the Court is Moody's request to exclude Defendants' expert report from consideration during the summary judgment proceedings, and for sanctions pursuant to Federal Rule of Civil Procedure 37 for discovery violations related to the report. (Docs. 211, 212). For the reasons set forth below, the Court will grant Moody's request to exclude Defendants' expert report. And the Court will grant in part and deny in part Moody's request for sanctions.

## II. Request to Exclude Expert Report

Federal Rule of Evidence 702 governs the admissibility of expert witnesses and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702.

The Rules of Evidence "do not permit expert testimony as to legal conclusions." *Dow Chem. Canada Inc. v. HRD Corp.*, 656 F. Supp. 2d 427, 435 (D. Del. 2009), *as corrected* (Oct. 15, 2009), *aff'd*, 587 F. App'x 741 (3d Cir. 2014). Accordingly, "[t]he district

court must limit expert testimony so as to not allow experts to opine on 'what the law required' or 'testify as to the governing law.'" *Casper v. SMG*, 389 F. Supp. 2d 618, 621 (D.N.J. 2005) (quoting *U.S. v. Leo*, 941 F.2d 181, 196-96 (3d Cir. 1991)).

In addition, "'[t]he jury has the *exclusive* function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in evidence, and reaching ultimate conclusions of fact.'" *Betz v. Temple Health Sys.*, 659 F. App'x 137, 140-41 (3d Cir. 2016) (emphasis added) (quoting *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 959 (10th Cir. 2002) (internal quotation marks omitted). Therefore, "pursuant to Rule 702, it is generally inappropriate for an expert witness to offer an opinion on the credibility of fact witnesses." *Timko v. Traugh*, 2024 WL 4351458, at *3 (M.D. Pa. Sept. 30, 2024) (citations omitted).

With this caselaw in mind, the Court turns to Moody's request to exclude Defendants' expert report and concludes that Dr. Quirk's challenged opinions should be excluded.

Moody argues that the report contains impermissible legal conclusions and takes issue with the following opinions of Dr. Quirk:

- "It is my opinion with reasonable medical certainty that the named defendants took reasonable steps to attempt to mitigate risks of known harm() and provide mental health care to Mr. Moody during his incarceration…"

- "This writer did not observe evidence to support the Plaintiff's claim that he had experienced '…inadequate access and deprivation of mental health treatment…' over the timeframes he had described…"

- "In my opinion the Defendants' interventions, assessments and provision of mental health treatment of Mr. Moody met the applicable standard of care

and were in accordance with relevant [] (PADOC) policies."

- "Contrary to Mr. Moody's assertion that PADOC did not have '…any rational[ ] penological security interest…' (), it is my opinion that the placement (and then continuation of placement) of Mr. Moody in restrictive housing in PA DOC had been necessary…."
- "Mr. Moody claimed that he is the victim of 'retaliation' (for filing lawsuits against PADOC and associated staff) and has cited PADOC staff as alleged perpetrators (). Mr. Moody's assertions that he is the victim of 'retaliation' in this case is only supported by his ass[e]rtions."

(Doc. 212, at 3-4). Moody claims that these opinions of Dr. Quirk "tell the Court that Defendants['] conduct met constitutional standards, was not deliberate indifference, or was not retaliation, all impermissible legal determinations reserved for the Court." (*Id.* at 4).

As to the first challenged opinion—"It is my opinion with reasonable medical certainty that the named defendants took reasonable steps to attempt to mitigate risks of known harm() and provide mental health care to Mr. Moody during his incarceration"—the Court finds that this is a jury issue and an improper legal conclusion, and Dr. Quirk will not be permitted to offer this opinion.

The Court next considers the second challenged opinion—"This writer did not observe evidence to support the Plaintiff's claim that he had experienced '…inadequate access and deprivation of mental health treatment…' over the timeframes he had described…" The Court finds that this is an improper attempt to determine the credibility of Moody's claim. It is not Dr. Quirk's role to offer an opinion on credibility or to determine

evidence; this is ultimately a question for the jury. This opinion is in no way a professional medical opinion and will be excluded.

The third challenged opinion is as follows—"In my opinion the Defendants' interventions, assessments and provision of mental health treatment of Mr. Moody met the applicable standard of care and were in accordance with relevant [] (PADOC) policies." Dr. Quirk's conclusion is both an impermissible legal opinion and supplants the role of the jury. In addition, it appears to be beyond the expertise of a psychologist. Dr. Quirk will not be permitted to offer this opinion.

In the fourth challenged opinion, Dr Quirk states: "Contrary to Mr. Moody's assertion that PADOC did not have '…any rational[ ] penological security interest…' (), it is my opinion that the placement (and then continuation of placement) of Mr. Moody in restrictive housing in PA DOC had been necessary…." Dr. Quirk's statement is beyond the scope of his expertise, and this is a question for the jury. He is also improperly commenting on the credibility of a potential witness (Moody). This statement will be excluded.

The last challenged opinion is Dr. Quirk's statement that "Mr. Moody claimed that he is the victim of 'retaliation' (for filing lawsuits against PADOC and associated staff) and has cited PADOC staff as alleged perpetrators (). Mr. Moody's assertions that he is the victim of 'retaliation' in this case is only supported by his ass[e]rtions." Dr. Quirk's statement is an impermissible opinion on an ultimate issue of law in this matter and usurps the role of the jury. Dr. Quirk will not be permitted to offer this opinion.

In sum, the Court finds that Dr. Quirk impermissibly comments on the credibility of Moody's claims and offers impermissible legal and personal opinions. His challenged opinions are inappropriate conclusions because they usurp the role of the jury and, in some instances, they are beyond the putative competence of his expertise. As such, they will be excluded from consideration. In the event that Defendants wish to use Dr. Quirk's opinions on other matters, the Court will hold a *Daubert* Hearing[1] to determine whether he will be allowed to offer his expert opinion on other matters.

Accordingly, Moody's request to exclude Defendants' expert report will be granted.

## III. Request for Sanctions under Rule 37(b)(2)(A)

Rule 37(b) provides for the imposition of sanctions for failing to obey a court's discovery orders which includes, *inter alia*, "prohibiting the disobedient party from…introducing designated matters in evidence" or "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A). However, "[b]ecause entry of a default judgment is an 'extreme sanction,'…the entry of such a judgment is generally disfavored." *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017) (citations omitted).

Moody seeks sanctions pursuant to Rule 37 on the following grounds: (1) Dr. Quirk's expert report was sent to him through prisoner mail; (2) Defendants did not timely provide Moody with Dr. Quirk's expert report; and (3) Defendants conducted a deposition of his

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

rebuttal expert after the close of discovery. (Doc. 212, at 6-8). Defendants acknowledge that the parties agreed to provide Moody with a copy of his medical and mental health records through staff meeting with him, instead of by mail. (Doc. 217, at 4-5). However, Defendants concede that the expert report was provided through prisoner mail and was delayed. (*Id.*). Defense counsel maintains that the expert report was sent hastily, and counsel did not act willfully or maliciously in sending the report untimely through the mail. (*Id.*). Given the sensitive information contained in the expert report, Defendants are advised to honor their agreement to only share these documents with Moody through meetings with staff.

Defendants also argue, *inter alia*, that Moody never objected to the taking of the rebuttal expert's deposition, as required by Federal Rule of Civil Procedure 30(c)(2), and has therefore waived his right to do so.[2] (Doc. 217, at 6).

Based on the above-alleged violations, Moody seeks the following sanctions: (1) exclusion of Dr. Quirk's expert report; (2) monetary sanctions for projected costs to be incurred to obtain a comparable expert report; (3) remedial expert discovery; and (4) entry of summary judgment in his favor. (Doc. 212, at 8). For the reasons set forth above, the Court will exclude Dr. Quirk's expert report; therefore, the Court will grant Moody's request for sanctions in the form of exclusion of the expert report. The Court will deny Moody's

---

[2] Rule 30(c)(2) provides: "An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." FED. R. CIV. P. 30(c)(2).

remaining requests for sanctions. Because the Court is excluding Defendants' expert report, the Court declines to order cost-shifting or remedial expert discovery. The Court will also deny Moody's request for sanctions in the form of judgment in his favor. *See, e.g.*, *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019) ("A dispositive sanction is warranted only where 'the non-responsible party's case is severely impaired because it lacked the information that was not produced.'") (quoting *Bull v. UPS*, 665 F.3d 68, 83 (3d Cir. 2012)).

## IV. Conclusion

Consistent with the foregoing, the Court will grant Moody's request to exclude Defendants' expert report from consideration in connection with Defendants' motion for summary judgment. (Docs. 211, 212).[3] In addition, Moody's request for Rule 37 sanctions will be granted in part and denied in part—the request for sanctions in the form of exclusion of the expert report will be granted and the remaining requests for sanctions will be denied. (*Id.*).

A separate Order shall issue.

Dated: August 6, 2026

Robert D. Mariani
United States District Judge

[3] Should this case proceed to trial, the introduction of Dr. Quirk's testimony will be subject to a hearing outside the presence of the jury at which Dr. Quirk's qualifications as an expert, including the scope of his expertise, will be determined under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and should Dr. Quirk be admitted as an expert, his opinions will be limited to those within the scope of his expertise and further limited in accordance with the Court's present opinion.