**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON MOODY, | : | Civil No. 3:18-cv-53 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

Plaintiff Brandon Moody ("Moody") previously filed a motion to exclude Defendants' expert report of Ryan Quirk, Ph.D., from consideration during the summary judgment proceedings, and for sanctions pursuant to Federal Rule of Civil Procedure 37 for discovery violations related to the report. (Docs. 211, 212). By Memorandum and Order dated August 6, 2026, the Court granted Moody's request to exclude Defendants' expert report from consideration during the summary judgment proceedings and granted his request for sanctions in part. (Docs. 218, 219). Presently before the Court is Defendants' motion (Doc. 220) to clarify, wherein they request that the Court "reconsider and vacate the portions of its prior Order excluding Dr. Quirk's opinions regarding the applicable standard of care, [Department of Corrections] policy, and the correctional considerations underlying Plaintiff's

placement on the [Restricted Release List]" or, alternatively, hold those rulings in abeyance pending a *Daubert* hearing.[1] (Doc. 221, at 3). The Court will deny Defendants' motion.

## I. **Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or present newly discovered evidence." *Hernandez v. United States*, 608 F. App'x 105, 109 (3d Cir. 2015) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Such a motion may be granted based on one of three grounds: (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). As such, a party may not rely on evidence that has already been submitted to support a motion for reconsideration. *Harsco*, 779 F.2d at 909. A motion for reconsideration is not a vehicle to simply "reargue matters already argued and disposed of." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 313 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994) (citing *Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D. Va. 1984)). A party's mere dissatisfaction with a ruling "is not a proper basis for reconsideration." *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004) (quoting *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, Civ. No. 98-cv-3610, 2000 WL 133756, *2 (E.D. Pa. Feb. 4, 2000)). Given the importance of finality in

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

legal judgments, motions for reconsideration should be granted sparingly. *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998).

## II. **Discussion**

### A. Dr. Quirk's Challenged Opinions

Defendants first argue that Dr. Quirk should be permitted to opine on the applicable standard of care and whether the care provided was in accordance with Department of Corrections' policies. (Doc. 221, at 6-9). They contend that an expert may testify regarding customs and practices within an industry. (*Id.* at 6-7) (citing *United States v. Fumo*, 655 F.3d 288, 303 (3d Cir. 2011)).

As stated in this Court's prior Memorandum and Order, Moody argued that the expert report contained impermissible legal conclusions and challenged the following opinions of Dr. Quirk:

- "It is my opinion with reasonable medical certainty that the named defendants took reasonable steps to attempt to mitigate risks of known harm() and provide mental health care to Mr. Moody during his incarceration..."
- "This writer did not observe evidence to support the Plaintiff's claim that he had experienced '...inadequate access and deprivation of mental health treatment...' over the timeframes he had described..."
- "In my opinion the Defendants' interventions, assessments and provision of mental health treatment of Mr. Moody met the applicable standard of care and were in accordance with relevant [] (PADOC) policies."
- "Contrary to Mr. Moody's assertion that PADOC did not have '...any rational[ ] penological security interest...' (), it is my opinion that the placement (and then continuation of placement) of Mr. Moody in restrictive housing in PA DOC had been necessary...."

- "Mr. Moody claimed that he is the victim of 'retaliation' (for filing lawsuits against PADOC and associated staff) and has cited PADOC staff as alleged perpetrators (). Mr. Moody's assertions that he is the victim of 'retaliation' in this case is only supported by his ass[e]rtions."

(Doc. 218, at 3-4 (citing Doc. 212, at 3-4)). The Court determined that each of these opinions were improper legal opinions, credibility determinations, and usurped the role of the jury. (Doc. 218, at 3-6). The Court thus concluded that it will not consider Dr. Quirk's expert report at the summary judgment stage. The Court finds no reason to revisit this ruling, and that Defendants fail to demonstrate reliance on one of the three major grounds needed for a proper motion for reconsideration.

Defendants also assert that Moody has a similar case pending in the United States District Court for the Eastern District of Pennsylvania, and that Moody filed a near identical motion to exclude the expert report of Dr. Quirk in that case. (Doc. 221, at 1-2, 8; *see also Moody v. Harry*, No. 23-cv-770 (E.D. Pa.)). They assert that the District Court Judge in the Eastern District concluded that Dr. Quirk's opinions were medical opinions, not legal opinions, and denied Moody's motion to exclude Defendants' expert report. (Doc. 221, at 1-2, 8). Defendants argue that this Court's ruling is "inconsistent" with the conclusion of the District Court Judge in the Eastern District. (*Id.* at 8). Defendants offer no authority for the proposition that this Court is either bound by, or should consider persuasive, an evidentiary ruling by a sister District Court. An evidentiary ruling in the Eastern District of Pennsylvania is a plainly insufficient basis for this Court to reconsider its previous ruling in this case.

### B. Dr. Quirk's Expertise

Defendants next argue that "the Court prematurely excluded Dr. Quirk's opinion without first developing an adequate record regarding its admissibility." (Doc. 221, at 10). They seek to develop a record regarding Dr. Quirk's qualifications and experience. (*Id.* at 9-13). As set forth in this Court's prior Memorandum, "[s]hould this case proceed to trial, the introduction of Dr. Quirk's testimony will be subject to a hearing outside the presence of the jury at which Dr. Quirk's qualifications as an expert, including the scope of his expertise, will be determined under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and should Dr. Quirk be admitted as an expert, his opinions will be limited to those within the scope of his expertise and further limited in accordance with the Court's present opinion." (Doc. 218, at 8 n.3). The Court finds no reason to revisit this ruling.

## III. Conclusion

For the foregoing reasons, the Court will deny Defendants' motion for clarification and/or for reconsideration. (Doc. 220). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 21, 2026